Nash, J.
 

 We see no error committed by his Honor. On-behalf the defendants it is contended, that the plaintiffs had neither the title to the slaves sued for, ncr th.e possession. The case states, that the gift by Robert Webb was to the plaintiffs and other children, and the negroes being taken from their mother, with whom they lived, being infants, were taken from them — her possession being "their possession. The title was, therefore, in them, and they were entitled to the present possession. The defendants are answerable in this action for a conversion by their testator. The. action of trover is one of those enumerated in the 10th" sec. of the 2nd ch. of the Revised Statutes, as not abating by the death of the person, conVferting the property.- The first objectio'n is untenable, íhe secodd is equally "so. In actions upon a contract, all who are entitled to sue for its "violation,- must be made parties plaintiffs, and the non joinder of any may be taken advantage of, on the general issue. But in actions
 
 ex defacto,
 
 if any person is omitted, who ought to be made a party plaintiff, the defect must be brought to the no
 
 *171
 
 tice of the Court, by a plea in abatement, 1
 
 Ch. Pl.
 
 60; and the defendant cannot avail himself of the objection in any other mode, although it appear on the face of the declaration. 1
 
 Saund.
 
 201. In such, a case the defendant may avail himself of the omission, by an apportionment of the damages on the trial. 1
 
 Ch. PL
 
 66.' The 3rd objection is, as to the operation of the statute of limitations. It is urged that, when the Statute has begun to run, nothing stops it, and .as the donees, who have not .sped, are barred, that these plaintiffs, having the same title to the negroes, are also barred. It will be recollected, that the statute, which is relied on, b-irs the remedy only and not the right. If the persons omitt.ed had been joined, it would have been a joint action, and the Statute being a bar to a portion of the plaintiffs, would have been a bar to that action,
 
 7th Cranch
 
 154.
 
 Montgomery and Wynns,
 
 4 Dev. & Bat. 527. What would have been the .effect of a plea in this case, we are not called on
 
 to
 
 decide. The defendants did not avail themselves of jt? and went to trial, as if the plaintiffs w.er.e -the .only persons, who ought to have sued, and cannot in„this action avail themselves of the disability of persons, who are not parties to the action.
 

 The 4th objection cannot avail the defendants. The evidence of a conversion by the testator, Webb, was slight, it is true, but we cannot say there was none. He went with Elisha Webb, his son, to Mrs. Weare, and told, her she must give up the negroes to Elisha, or he would not make her a title to certain land, which he had sold her. In a few hours thereafter, the negroes were .carried off by a negro man in a wagon, and the negro and wagon and horse all had before that time belonged to the testator. There was, then, evidence to go to the jury, and.the-. question was fairly and fully left to them, and they have found that the testator had converted them.
 

 Per Curiam,
 

 Judgment affirmed.,